UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LAMOR EVANS,

                Plaintiff,

v.

WARDEN OF OTIS BANTUM
CORRECTIONAL FACILITY; RIKERS
ISLAND CORRECTIONAL FACILITY;
RIKERS ISLAND MEDICAL DEPARTMENT;
RIKERS ISLAND CORRECTION FACILITY
OFFICERS,

                Defendants.

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**
18-CV-6379 (LDH)

LASHANN DEARCY HALL, District Judge:

On November 2, 2018, Plaintiff Lamor Evans, appearing pro se, filed the instant action pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Otis Bantum Correctional Center ("OBCC") on Rikers Island. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and denies Plaintiff's request for the appointment of pro bono counsel without prejudice. For the reasons discussed below, Plaintiff is granted thirty (30) days from the date of this memorandum and order to submit an amended complaint.

**BACKGROUND**

On October 17, 2018, while in the day room of OBCC, Plaintiff was attacked by two inmates who cut his face with a scalpel. (Compl. at 4, ECF No. 1.) While defending himself, Plaintiff took the scalpel from one of the inmates and in the process of doing so, cut his left wrist. (*Id.*) Plaintiff informed Captain Green and "the security team" of his concerns about living in the particular "house" he was assigned to, but it is not altogether clear whether he warned prison officials before or after the attack. (*Id.* at 5.) Plaintiff seeks monetary damages as relief.

1

**STANDARD OF REVIEW**

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Iqbal*, 556 U.S. at 678. While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the [c]ourt's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the [c]ourt must merely determine whether the complaint itself is legally sufficient, and in doing so, it is well settled that the [c]ourt must accept the factual allegations of the complaint as true." *Id.* (internal citation omitted).

Moreover, where, as here, a plaintiff is proceeding pro se, her pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)).

An *in forma pauperis* action shall be dismissed where the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). However, if a liberal reading of the complaint "gives any indication that a valid

claim might be stated," the Court must grant leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted).

## DISCUSSION

**I.   Plaintiff's § 1983 Claims against Rikers Island Correctional Facility and the Rikers Island Medical Department**

As an initial matter, Defendants Rikers Island Correctional Facility and the Rikers Island Medical Department are not proper defendants subject to suit. Rikers Island is part of the New York City Department of Correction, an agency of the City of New York. The New York City Charter provides that suits "shall be brought in the name of the City of New York and not in that of any agency. N.Y. City Charter ch. 17, § 396; *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007). Because Plaintiff may not sue a City agency, his claims against Rikers Island are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). Likewise, the Medical Department at Rikers Island is not a suable entity. *See Radin v. Tun*, No. 12-CV-1393, 2015 WL 4645255, at *26 (E.D.N.Y. Aug. 4, 2015) (Rikers Island mental health department is not a suable entity). Accordingly, Plaintiff's claims against Rikers Island Correctional Facility and Rikers Island Medical Department are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915A.

**II.   Plaintiff's Claim Against the Warden of OBCC**

A plaintiff cannot recover against a defendant under § 1983 solely on a theory of vicarious liability or *respondeat superior*. *See, e.g.*, *Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.");

*Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) ("[S]upervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on *respondeat superior*.").

Instead, to succeed in an action for damages pursuant to § 1983, Plaintiff must allege that the Defendant, Warden of OBCC, was personally involved in the alleged violation of his constitutional rights. *See Raspardo v. Carlone*, 770 F.3d 97, 115-16 (2d Cir. 2014) ("If a defendant has not personally violated a plaintiff's constitutional rights, the plaintiff cannot succeed on a § 1983 action against th[at] defendant. . . . § 1983 requires individual, personalized liability on the part of each government defendant."). It is well settled that in order to establish a defendant's personal involvement in an alleged constitutional deprivation in an action pursuant to § 1983, Plaintiff must show:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (emphasis omitted) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). Here, Plaintiff fails to plead any facts to show that the Warden of OBCC's had any personal involvement in any of the alleged violations asserted in his complaint. *Deverow v. City of New York*, No. 15-Civ.-6710, 2017 WL 711763, at *3 (S.D.N.Y. Feb. 7, 2017) (finding Plaintiff failed to allege the Warden of OBCC's personal involvement in any alleged constitutional violation). Accordingly, Plaintiff's claim against the

4

Warden of OBCC is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915A.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B). In light of the Court's duty to liberally construe Plaintiff's complaint, Plaintiff is granted leave to file an amended complaint within 30 days from the entry of this Order. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). The amended complaint must be captioned "Amended Complaint" and shall bear the same docket number as this Order. Should Plaintiff file an amended complaint, he must name proper defendants. All further proceedings shall be stayed for thirty (30) days. If Plaintiff does not file an amended complaint within thirty (30) days, judgment dismissing the case shall enter. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated: Brooklyn, New York
      August 13, 2019

SO ORDERED.

_____/s/ LDH_____
LaSHANN DeARCY HALL
United States District Judge